IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEORA BELL, )
)
   Plaintiff, )
)
 v. ) No. 10 C 513
)
DELTA MANAGEMENT ASSOCIATES, )
INC., )
)
   Defendant. )

<u>MEMORANDUM ORDER</u>

 Counsel for Delta Management Associates, Inc. ("Delta") has just filed what purports to be its Answer, including affirmative defenses ("ADs"), to the Fair Debt Collection Practices Act Complaint brought against it by Leora Bell ("Bell"). Although that responsive pleading is problematic in a number of respects, the main problem that it presents may be counting the number of violations of basic pleading rules that Delta's counsel has managed to squeeze into a five-page document.

 To begin with a purely procedural but still significant violation, the Answer has totally ignored the mandate of this District Court's LR 10.1:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

That requirement, so easy to comply with,[1] stems from

---

[1] Almost without exception, LR 10.1 is satisfied by the simple expedient of copying each Complaint allegation verbatim, then following it with the answer to that allegation.

considerations of common courtesy: It allows the reader (whether opposing counsel or the assigned judge) to learn just what is and what is not at issue by reading a single self-contained document, rather than having to flip back and forth between separate pleadings for that purpose. Moreover, forcing a defendant to repeat a plaintiff's allegations may well also tend to discourage a string of denials such as those advanced in Delta's Answer, some of which may not be appropriate.

To turn from that procedural matter to the substantive defects in the Answer, counsel's most pervasive offense is his tendency to label a host of allegations as "legal conclusions" and then to compound that practice by claiming that characterization entitles Delta to deny those allegations (see Answer ¶¶3-6, 8 and 9). That of course is arrant nonsense[2]--after all, nothing may be more quintessentially a legal conclusion than an allegation of subject matter jurisdiction, yet it <u>must</u> be alleged by a plaintiff under Fed. R. Civ. P. ("Rule") 8(b)(1). And ever since the Rules were first adopted in 1938, the Appendix of Forms that is approved by Rule 84 has always specified that such an allegation must be made and answered. Thus every paragraph in the Answer that employs the

---

[2] As to the fundamental misconception in approach taken by Delta's counsel to "legal conclusions," which are a wholly accepted component of federal pleading, counsel would do well to read this Court's App'x ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

2

term "legal conclusion" is stricken and must be redone.

Next, Answer ¶2 is really a nonresponse and is also flat-out wrong in demanding that Bell provide evidence, rather than engaging in notice pleading. Like the other paragraphs referred to earlier, it too must be stricken and replaced.

In light of the fundamental lack of understanding already evidenced by Delta's counsel as to the matters listed up to now, it is perhaps understandable (though not forgivable) that counsel's effort in Answer ¶¶7 and 8 to make use of the disclaimer allowed by Rule 8(b)(5) does not manage to follow that Rule's straightforward formulation (see also App'x ¶1 to State Farm). Those paragraphs of the Answer are also stricken in that respect.

Next, Answer ¶¶9 and 11 characterize the corresponding Complaint allegations as "lack[ing] foundation," whatever that may mean. That term is of course normally associated with objections to evidence, and it has already been said that the pleading regime in the federal system is one of notice pleading and not fact-pleading. Those Answer paragraphs are added to the paragraphs already stricken.

In the same boilerplate type of attack that Delta's counsel has advanced in Answer ¶2, counsel professes not to understand Complaint ¶10's reference to Delta as "a national company." That strikes this Court as disingenuous, and counsel should omit it

3

the second time around.

Several of the ADs are also problematic. Here are a few examples:

1. AD ¶23 purports to reserve the possibility of advancing a Rule 12(b)(6) motion to dismiss at some future time. That will not do--if such a dubious motion (which must accept the Complaint's allegations as gospel) is to be asserted, now is the time to do it, else any claimed objection to the legal sufficiency of the Complaint will be forfeited.

2. AD ¶24 adds nothing to an answer that has addressed all of a complaint's allegations. It too is stricken.

3. In its first sentence, AD ¶25 is wholly at odds with Bell's allegations, something that is impermissible under Rule 8(c) and its caselaw--see also App'x ¶5 to State Farm. Both that and the last sentence of AD ¶25 are also stricken.

4. For the same reason, AD ¶¶26 and 28 are stricken.

5. This Court sees no way in which consumer Bell could have "mitigated" the damages caused by the telephonic harassment described in the Complaint. That AD is stricken as well.

Accordingly the entire Answer (riddled as it is with errors) is stricken without prejudice, with leave granted to Delta's

counsel to file a self-contained Amended Answer to the Complaint on or before May 3, 2010.  And given the nature and number of impermissible pleading violations described here, requiring counsel to transmit a copy of this order to the client might well be justified.  But this Court is reluctant to impose such a requirement that might conceivably trigger the loss of a client, so it will not visit the risk of that prospect on counsel. Accordingly counsel is ordered simply to advise the client by letter that no charge will be made for the work and expense involved in correcting the numerous errors in the current Answer and ADs via an entirely new pleading, and he is further directed to transmit to this Court a copy of that letter (as an informational matter, not for filing).

_____
   Milton I. Shadur
   Senior United States District Judge

Date:  April 21, 2010